```
                                              )
MELVIN ANDERSON,                              )
                                              )
               Plaintiff,                     )
                                              )
         v.                                   )        Civil Action No. 10-0413 (PLF)
                                              )
FEDERAL BUREAU OF PRISONS,                    )
                                              )
               Defendant.                     )
                                              )
```

MEMORANDUM OPINION

Plaintiff has moved for leave to amend his complaint in this Freedom of

Information Act ("FOIA") case to include "additional claims and allege new factual allegation

[sic] and grounds for relief."  Motion for Leave to File Amended Complaint, at 1 [Dkt. No. 14].

Specifically, plaintiff seeks to add (1) additional facts relating to the contents of and justification

for his request for the documents that are the subject of this FOIA action, (2) a new claim under

the Privacy Act, and (3) a new demand for monetary damages.  Plaintiff's motion will be denied

as futile.

The Court will "freely give leave [to amend] when justice so requires," Fed. R.

Civ. P. 15(a)(2), and "'[i]t is common ground that Rule 15 embodies a generally favorable policy

toward amendments.'"  *Howard v. Gutierrez*, 237 F.R.D. 310, 312 (D.D.C.2006) (quoting *Davis

v. Liberty Mutual Ins. Co.*, 871 F.2d 1134, 1136–37 (D.C. Cir. 1989)).  Where amendment would

be futile, however, the Court may in its discretion deny such a motion.  See *Vreven v. AARP*, 604

F. Supp. 2d 9, 13 (D.D.C. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Amendment of a complaint is futile where the proposed amendment does not modify the

substance of the complaint, *Hantzis v. Grantland*, No. 08-cv-2190, 2009 WL 3490757, at *1 n.2 (D.D.C. Oct. 30, 2009), or where the complaint as amended would "not survive a motion to dismiss or for judgment on the pleadings," *Jung v. Assoc. of Am. Med. Colls.*, 226 F.R.D. 7, 9 (D.D.C. 2005).

First, plaintiff seeks to plead additional facts concerning the contents of, and implying the reasons why he has requested, the documents that he has requested under the FOIA. *See* Proposed Amended Complaint ¶¶ 11–62 [Dkt. No. 14-1].  By seeking to plead such facts, plaintiff is clearly attempting to use his FOIA suit as a vehicle to air dissatisfaction with his transfer from one federal prison facility to another.  That dissatisfaction is irrelevant to his FOIA claim, the disposition of which simply depends on whether defendant properly searched for and properly released or withheld responsive records.  *Engelking v. DEA*, 119 F.3d 980, 980–81 (D.C. Cir. 1997) (noting that "a requester's personal need for information is immaterial" to FOIA decisions); *Farrugia v. Exec. Office for U.S. Attorneys*, Civil Action No. 04-294, 2006 WL 335771, at *4 n.6 (D.D.C. Feb. 14, 2006) (noting that "the identity of the requester and the purpose for the request are irrelevant to FOIA decisions") (citing *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 770–71 (1989)).  Amendment of the complaint to include this irrelevant pleading would do nothing to modify the substance of the complaint, rendering the plaintiff's proposed amendment to include those facts futile.

Second, plaintiff seeks to plead several new claims, all of which stem from allegations that defendant violated the Privacy Act by fabricating incident reports that led to plaintiff's transfer.  Proposed Am. Compl. ¶¶ 66–95.  Plaintiff thus seeks to have defendant correct its reports under 5 U.S.C. § 552a(e)(5) by removing the alleged fabrications.  *Id.*

Unfortunately for plaintiff, inmate records held by the Bureau of Prisons ("BOP"), including those reports, are exempt from Section 552(a)(e)(5) of the Privacy Act. *See* 5 U.S.C. § 552a(j) (authorizing agencies to make exemptions); 28 CFR § 16.97 (listing BOP exemptions); *Martinez v. BOP*, 444 F.3d 620, 624 (D.C. Cir. 2006) ("The BOP has exempted its Inmate Central Record System from the accuracy provisions of the Privacy Act, 5 U.S.C. § 552a(e)(5)."); *White v. U.S. Probation Office*, 148 F.3d 1124, 1125 (D.C. Cir. 1998) ("BOP inmate records systems are exempt from the amendment provisions of the [Privacy] Act."). Plaintiff's proposed Privacy Act claim therefore would not survive a motion to dismiss, *see* Fed. R. Civ. P. 12(b)(6), rendering Plaintiff's proposed amendment to include that claim futile.

Finally, plaintiff seeks to add a demand for damages of $750,000.00. *See* Proposed Am. Compl., at 17. "It is well[ ]settled that monetary damages are not available under FOIA." *Ross v. United States*, 460 F. Supp. 2d 139, 151 (D.D.C. 2006) (citing *Johnson v. Exec. Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002) ("FOIA . . . provides requesters with the potential for injunctive relief only . . . .")). Plaintiff's proposed demand for monetary damages therefore would not survive a motion to dismiss, *see* Fed. R. Civ. P. 12(b)(6), rendering plaintiff's proposed amendment to include that demand futile.

Because amendment of plaintiff's complaint would be entirely futile, the Court will deny the motion to amend. A separate Order consistent with this Memorandum Opinion shall issue this same day.

/s/
_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 3, 2011