UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MELVIN ANDERSON,

    Plaintiff,

    v.

FEDERAL BUREAU OF PRISONS,

    Defendant.

Civil Action No. 10-413 (JEB)

## MEMORANDUM OPINION

Plaintiff Melvin Anderson is a federal prisoner incarcerated in El Paso, Texas. Following a transfer there from a Florida institution, Anderson submitted a Freedom of Information Act request to Defendant Federal Bureau of Prisons seeking all documents relating to his transfer. BOP conducted a search and released a total of six pages, five of which were redacted in some manner. BOP also withheld eight responsive pages under FOIA Exemptions 7(C) and 7(F). In response to these withholdings, Plaintiff brought this suit. The parties have now filed Cross-Motions for Summary Judgment. Because the Court finds that Defendant's search was adequate and the withholdings proper, the Court will grant Defendant's Motion.

**I.    Background**

On December 28, 2009, Plaintiff sent BOP a FOIA request under 5 U.S.C. § 552 *et seq.*, seeking all records relating to his transfer from a correctional complex in Florida to one in El Paso. Dft. Motion, Exh. A. (Plaintiff's FOIA request). BOP's Central Office received the request on January 4, 2010, and determined that any documents responsive to Plaintiff's request would be located in his central file, which is "the primary system . . . for the maintenance of records pertaining to the care, classification/designation, subsistence, protections, discipline and

1

programs of federal inmates." Dft. Motion, Declaration of Larry Collins, ¶¶ 5, 7, 11. Transfer records are specifically kept in the central files. Id., ¶ 11. The facility housing an inmate holds his central file, so Plaintiff's file was transferred to El Paso when he was transferred there. Id. BOP, accordingly, forwarded Plaintiff's FOIA request to El Paso. Id., ¶ 5.

On April 1, 2010, staff at El Paso conducted a page-by-page search of Plaintiff's central file for responsive records. Id., ¶ 7. The staff located 14 pages responsive to his request in the "FOI Exempt Section" of his central file. Id. This section contains documents with non-disclosable information related to inmates. Id. ¶ 7 n.3. The staff forwarded the responsive documents to BOP's regional office in Dallas, Texas. Id. ¶ 7.

On April 8, 2010, BOP notified Plaintiff that it had located 14 pages of responsive documents. Dft. Motion, Exh. B (April 8 Letter). It informed him, however, that only one page would be released in its entirety, five pages would be released with redactions, and the remaining eight pages would be withheld. Id. BOP claimed that the withholdings were justified under FOIA Exemptions 7(C) and 7(F). Id. Plaintiff then filed this suit challenging these withholdings. The parties have now filed competing Motions for Summary Judgment.[1] On August 8, 2011, the Court ordered Defendant to produce the disputed documents for *in camera* review. Defendant filed them with the Court on August 15, 2011, and the Court has now reviewed all pages.

## II. Legal Standard

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); Holcomb v.

---

[1] The Court has reviewed Defendant's Motion, Plaintiff's Opposition, and Defendant's Reply. On August 15, Plaintiff filed a separate Motion for Summary Judgment, which the Court has also reviewed.

2

Powell, 433 F.3d 889, 895 (D.C. Cir. 2006). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." FED. R. CIV. P. 56(c)(1)(A). The moving party bears the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[A] material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" on an element of the claim. Liberty Lobby, Inc., 477 U.S. at 248. Factual assertions in the moving party's affidavits or declarations may be accepted as true unless the opposing party submits his own affidavits, declarations, or documentary evidence to the contrary. Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

FOIA cases typically and appropriately are decided on motions for summary judgment. Defenders of Wildlife v. U.S. Border Patrol, 623 F. Supp. 2d 83, 87 (D.D.C. 2009); Bigwood v. United States Agency for Int'l Dev., 484 F. Supp. 2d 68, 73 (D.D.C. 2007). In a FOIA case, the Court may grant summary judgment based solely on information provided in an agency's affidavits or declarations if they are relatively detailed and when they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981). Such affidavits or declarations are accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" SafeCard Servs., Inc. v. Sec. & Exch. Comm'n, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting Ground Saucer Watch, Inc. v. Cent. Intelligence Agency, 692 F.2d 770, 771 (D.C. Cir. 1981)).

**III.    Analysis**

   A. Vaughn Index

Plaintiff initially argues that because Defendant failed to produce a Vaughn Index, it cannot justify its withholdings. See Vaughn v. Rosen, 484 F.2d 820, 827 (D.C. Cir. 1973) (requiring agency to produce an index when agency withholds information in its response to valid FOIA request). He is not correct. First, where a declaration explains in detail an agency's justifications for withholding information, a Vaughn Index is not required. See King v. U.S. Dep't of Justice, 2010 WL 935420 (D.D.C. 2010) (citing Voinche v. FBI, 412 F. Supp. 2d 60, 65 (D.D.C. 2006)). Here, the Collins Declaration lays out in sufficient detail the justifications for Defendant's withholdings. In any event, the Court has reviewed the disputed documents *in camera* and thus knows precisely what was withheld. Finally, Defendant ultimately produced a Vaughn Index as part of its *in camera* submission to the Court on August 15, 2011.

   B. Adequacy of the Search

There is little dispute here about the adequacy of Defendant's search for documents. "An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" Valencia-Lucena v. U.S. Coast Guard, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting Truitt v. Dep't of State, 897 F.2d 540, 542 (D.C. Cir. 1990)); see also Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 551 (D.C. Cir. 1994). The adequacy of an agency's search for documents requested under FOIA is judged by a standard of reasonableness and depends upon the facts of each case. Weisberg v. U.S. Dep't of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984). There is no requirement that an agency search every record system in response to a FOIA request, but only those records that are likely to have responsive documents. Oglesby v. U.S. Dep't of the Army, 920 F.2d 57, 68 (D.C. Cir.

1990). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. Perry v. Block, 684 F.2d 121, 126 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. Id. at 127. On the other hand, if the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." Truitt, 897 F.2d at 542.

Plaintiff here does not challenge the adequacy of Defendant's search, and the Court independently finds that the search was adequate. To meet its burden, Defendant submitted the declaration of Larry Collins. Collins is the paralegal from BOP who oversaw the search. Collins Decl., ¶¶ 2-3. He determined that responsive records, if any, would be in Plaintiff's central file. Id., ¶ 7. BOP then conducted a page-by-page search of that file and determined that 14 pages were responsive to Plaintiff's request. Id. It then released the responsive pages that were not otherwise exempt. BOP's search was thus adequate.

C. Exemption 7

What Plaintiff does contest in this suit is Defendant's withholding of certain information. More specifically, he argues that Defendant's claimed exemptions -- *i.e.*, 7(C) and 7(F) -- are invalid. As to Exemption 7 and its subsections generally, records and information withheld thereunder must be compiled "for a law enforcement purpose." 5 U.S.C. § 552(b)(7). This protection extends to both investigatory and non-investigatory records. See Tax Analysts v. IRS, 294 F.3d 71, 79 (D.C. Cir. 2002) (explaining that 1986 FOIA amendments deleted "any requirement" that information be investigatory and emphasizing that "legislative history makes it clear that Congress intended the amended exemption to protect both investigatory and non-investigatory materials, including law enforcement manuals and the like"). Plaintiff here

challenges Defendant's reliance on Exemption 7 because he claims that the documents were not compiled for law enforcements purposes. Pl. Motion at 4. In support of his assertion, Plaintiff attaches an affidavit swearing that he was not involved in any activity relating to crime or national security during the relevant period; as a result, no law enforcement purpose could possibly exist. Pl. Motion, Affidavit of Melvin Anderson at 3.

Exemption 7, however, is not limited to investigations of criminal activity or national security, but also encompasses "'whether the files sought relate to anything that can be fairly characterized as an enforcement proceeding.'" Jefferson v. Dept. of Justice, 284 F.3d 172, 177 (D.C. Cir. 2002) (quoting Aspin v. Dep't of Defense, 491 F.2d 24, 27 (D.C. Cir. 1973)). As part of its statutory duty for the "management and regulation of federal correctional institutions and for housing in suitable quarters those persons charged with or convicted of federal offenses," Ruston v. DOJ, 2007 WL 809698 (D.D.C. 2007), Defendant must sometimes -- as was the case with Plaintiff -- investigate whether it is necessary to transfer an inmate to another correctional facility. In this case, BOP's investigation concerned "an incident which occurred on or about August 14, 2009, at the Federal Correctional Complex in Coleman, Florida." Vaughn Index at 1. Investigations like this can be fairly characterized as enforcement proceedings, where, as here, BOP determines that it is necessary to transfer an inmate to prevent future violence. The Court is therefore satisfied that the records here were compiled for a law enforcement purpose.

    *1. Exemption 7(C)*

Exemption 7(C) allows for the withholding of records compiled for law enforcement purposes if disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy." § 552 (b)(7)(C). "To determine whether disclosure of certain information would constitute an unwarranted invasion of privacy, the Court must balance the public interest

in disclosure against the privacy interest of the individual mentioned in the record." Blanton v. Dep't of Justice, 63 F. Supp. 2d 35, 45 (D.D.C. 1999). BOP invokes this exemption to justify withholding personal and identifying information of "individuals other than [P]laintiff." Vaughn Index at 2. Because there is a strong privacy interest in information contained in law enforcement records, this exemption allows categorical withholding of information regarding third parties. See Dep't of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 776-77 (1989); Blanton, 63 F. Supp. 2d at 45 ("The privacy interests of third parties mentioned in law enforcement files are 'substantial,'" while "[t]he public interest in disclosure [of third-party identities] is not just less substantial, it is insubstantial.") (quoting SafeCard, 926 F.2d at 1205).

The Court has reviewed the seven pages that were withheld under this exemption, which all relate to third parties. Although, given the subject matter of the documents, the Court finds that the privacy interest here may be weak, there is no corresponding public interest whatsoever to overcome even a weak privacy interest. As a result, the Court finds that the balance favors non-disclosure, and BOP's withholding under Exemption 7(C) was thus proper.

　　2. *Exemption 7(F)*

Exemption 7(F) permits the withholding of records compiled for law enforcement purposes that "could reasonably be expected to endanger the life or physical safety of any individual." This exemption was invoked to justify withholding information on six pages related to "an incident which occurred on or about August 14, 2009, at the Federal Correctional Complex in Coleman, Florida." Vaughn Index at 1. Five of the pages were released in some form with redactions, and one page relating to the incident was withheld in full. Id. Exemption 7(F) has been used with regularity to withhold precisely this sort of information. See Lee v.

7

DOJ, 2007 WL 2852538, at *7 (W.D. Pa. Sept. 27, 2007) (finding agency properly withheld "names and personal information" about inmates involved in investigations of wrongdoing at correctional facilities because disclosure could subject them to "retaliatory physical harm"); Brady-Lunny v. Massey, 185 F. Supp. 2d 928, 932 (C.D. Ill. 2002) (finding that release of list of inmates' names would endanger life and physical safety "given inmates' gang ties, interest in escape, and motives for violence"); Anderson v. U.S. Marshals Serv., 943 F. Supp. 37, 40 (D.D.C. 1996) (protecting identity of inmate who required separation from incarcerated requester when disclosure could endanger his safety).

While Plaintiff's pleadings assert bad faith on the part of BOP, nowhere does he actually support such accusations or present any actual evidence that rebuts Defendant's claimed exemptions. "When an affidavit or showing is reasonably specific and demonstrates, if accepted, that the documents are exempt, these exemptions are not to be undercut by mere assertion of claims of bad faith or misrepresentation." Ray v. Turner, 587 F.2d 1187, 1195 (D.C. Cir. 1978). Defendant here asserts that disclosure of this information could lead to further violence. BOP specifically determined that release of this information "could jeopardize the safety of individual(s) as it would likely result in harassment and/or retaliation, to possibly include physical assaults, directed toward individual(s) identified in the investigation and resulting in a threat not only to the named individual but also the safe operation of the institution." Collins Decl., ¶ 15. Having reviewed the withheld information *in camera*, the Court must agree with Defendant. While the Court finds the subject matter at issue rather trivial, it is not in a position to second-guess Defendant's valid assertion that disclosure could reasonably be expected to endanger the life or physical safety of an individual. Defendant's withholdings under Exemption 7(F) were thus proper.

8

## IV. Conclusion

As the Court finds that Defendant conducted an adequate search with respect to Plaintiff's FOIA request and properly withheld certain pages, the Court will grant Defendant's Motion for Summary Judgment and deny Plaintiff's Motion. A separate Order consistent with this Opinion will issue today.

**SO ORDERED**.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: August 25, 2011